[Cite as *State v. Johnson*, 2015-Ohio-4492.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102369**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MYRON K. JOHNSON**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART;
REVERSED IN PART; REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-585287-C

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** October 29, 2015

**ATTORNEY FOR APPELLANT**

James E. Valentine
323 Lakeside Avenue W.
Lakeside Place, Suite 450
Cleveland, OH    44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Adam M. Chaloupka
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant Myron K. Johnson appeals his conviction on multiple charges of rape, kidnapping, and gross sexual imposition. Upon review, we affirm in part, reverse in part, and remand the matter to the trial court for the limited purpose of vacating appellant's conviction and sentence on Count 10.

{¶2} Appellant was charged under a multicount indictment with multiple charges of rape, kidnapping, and unlawful sexual conduct with a minor, along with numerous counts relating to the production and possession of child pornography. Two codefendants were also charged in the case: A.C., who was appellant's girlfriend at the time of the incidents, and Gesyciah Thompson.

{¶3} The charges in this case primarily arose from the actions of appellant and A.C. involving four children, including a one-year-old girl, K.F., a four- to five-year-old girl, K.C., a 12-year-old girl, M.G., and a 14-year-old boy, R.L. A.C. is the mother of K.C. and R.L., and the aunt of M.G. and K.F. For ease of following the analysis herein, we refer to A.C. as "mother." Mother had entered a guilty plea to a number of offenses and was sentenced to an agreed prison term of 18 years. The other codefendant, Gesyciah Thompson, was involved in an incident involving R.L. Thompson entered a plea of guilty to attempted abduction and was sentenced to one year of community control.

{¶4} Appellant waived his right to a jury trial, and the case proceeded to a bench trial. The underlying facts involve some of the most heinous acts that can be committed against children. The trial court denied appellant's motion to dismiss pursuant to Crim.R. 29 and found appellant guilty of all charges against him, as well as the sexual motivation specifications and sexually violent predator specifications contained on a number of the counts. Following merger of certain

offenses, the trial court sentenced appellant to an aggregate prison term of life without parole plus 65 years.

{**¶5**} Appellant timely filed this appeal. Under his sole assignment of error, he claims "[t]he evidence was insufficient to sustain a finding of guilt as to the charges of rape, kidnapping, and gross sexual imposition."

{**¶6**} Appellant challenges the trial court's failure to dismiss certain charges. A motion for judgment of acquittal under Crim.R. 29(A) requires a court to consider if the evidence is insufficient to sustain a conviction. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{**¶7**} Appellant challenges his convictions for the offenses of rape, kidnapping, and gross sexual imposition. He was convicted of three counts of rape in violation of R.C. 2907.02(A)(1)(b), three counts of kidnapping in violation of R.C. 2905.01(A)(4), and two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), all with accompanying specifications. Appellant does not challenge his convictions for the other offenses in this case.

{**¶8**} R.C. 2907.02(A)(1)(b), prohibiting rape, provides:

No person shall engage in sexual conduct with another * * * when * * *:

(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

"Sexual conduct" includes anal intercourse with even the slightest penetration. R.C. 2907.01(A).

{**¶9**} R.C. 2905.01(A)(4), prohibiting kidnapping, provides:

No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the

place where the other person is found or restrain the liberty of the other person, for any of the following purposes:

(4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will[.]

"Sexual activity" is defined as "sexual conduct or sexual contact, or both." R.C. 2907.01(C).

{¶10} R.C. 2907.05(A)(4), prohibiting gross sexual imposition, provides:

No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

(4) The other person, or one of the other persons, is less than thirteen years of age,

whether or not the offender knows the age of that person.

{¶11} It is well recognized that circumstantial and direct evidence are of equal probative value and the state can use either form of evidence to prove the elements of a crime. *In re I.N.R.*, 8th Dist. Cuyahoga No. 99983, 2014-Ohio-3582, ¶ 35; *State v. Bokeno*, 12th Dist. Butler No. CA2011-03-044, 2012-Ohio-4218, ¶ 12; *Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph one of the syllabus. We shall consider the evidence as to the challenged counts herein.

## Counts 10, 11, and 12 — Victim K.C.

{¶12} On these counts, appellant was convicted of rape, gross sexual imposition, and kidnapping of K.C., who was four years old at the time of the incident, which occurred at appellant's trailer in North Ridgeville. K.C. is mother's daughter.

{¶13} Mother met appellant on Craig's List, and the two began a dominant-submissive type of sexual relationship. After six to seven months of weekend rendezvous, mother moved in with appellant at his North Ridgeville trailer in the summer of 2013. At that time, K.C. resided with her father, who was still mother's husband. Mother would usually have visitation with K.C.

on Mondays. Mother took sexually explicit photographs of K.C. and would text them to appellant, because he had a "sexual liking for little girls" and mother wanted to "please him."

{¶14} On one occasion, mother brought K.C. with her to the North Ridgeville trailer. K.C. was asleep in the bedroom. Mother described the incident at the trailer as "[K.C.] was sleeping and he masturbated and comed on her." Mother did not witness this incident; she was in the living room. She testified that appellant took a picture and showed her. In the photograph, K.C. was propped on a pillow with her legs spread and she had ejaculate near her vagina and anus.

{¶15} We find that the presence of semen on the minor child, who was propped on a pillow and naked with her legs spread, was indicative of sexual contact. *See State v. Jones*, 2d Dist. Clark No. 2012-CA-95, 2013-Ohio-3760, ¶ 23 (trial court could reasonably infer, beyond a reasonable doubt, that sexual contact with the victim's buttocks occurred where the victim awakened with her pajama bottoms pulled down and the defendant ejaculated onto the victim's lower back). Further, semen on the victim's body is in fact sexual contact for purposes of meeting gross sexual imposition. We also find the state presented sufficient evidence that appellant restrained the liberty of the child for the purpose of engaging in sexual activity.

{¶16} Upon review, we find any rational trier of fact could have found the essential elements of gross sexual imposition and kidnapping, as charged in Counts 11 and 12, proven beyond a reasonable doubt. We affirm the defendant's conviction on these counts.

{¶17} However, under the circumstances presented, we find that the state failed to prove beyond a reasonable doubt that any penetration occurred. Although there was evidence that appellant had ejaculated on the victim, there was no evidence of penetration, slight or otherwise. Because we find there was insufficient evidence of rape, we reverse the conviction on Count 10.

**Counts 27 and 28 — Victim K.C.**

{¶18} On these counts, appellant was convicted of rape and kidnapping K.C., who was five at the time of the incident, which occurred while she spent a night with mother and appellant at a camper in Medina. Mother testified that she awoke to find appellant on top of K.C., "straddling her, spreading her cheeks apart, trying to have anal sex with her, and then she woke up." Mother testified that the incident lasted "a minute or so." Mother stated that K.C. was lying on her stomach, that she could see appellant's erect penis, and that appellant was abusing K.C. Although mother testified that she did not think appellant succeeded, she stated she saw appellant's penis "go between her butt cheeks" and that it would be "kind of hard" to actually see if there had been contact with the vaginal or anal area.

{¶19} We find the state presented testimony and evidence from which the court could have found all the elements of the crimes, including the challenged "penetration," proven beyond a reasonable doubt. That mother could not say for certain whether appellant succeeded in penetrating K.C. is not dispositive in this case. *See State v. Copley*, 10th Dist. Franklin No. 04AP-1128, 2006-Ohio-2737, ¶ 19 (testimony of defendant's girlfriend, indicating that she was uncertain as to whether defendant was performing fellatio on her granddaughter was not dispositive where a reasonable inference could be made from the totality of the circumstances).

{¶20} Under the circumstances herein, which included straddling the young child and spreading her cheeks apart, a reasonable inference could be made that penetration occurred when appellant's penis went between the child's cheeks. Upon this evidence, we find any rational trier of fact could have found the essential elements of rape and kidnapping, as charged in Counts 27 and 28, proven beyond a reasonable doubt. We affirm the defendant's conviction on these counts.

**Counts 29 and 30 — Victim K.F.**

{¶21} On these counts, appellant was convicted of rape and kidnapping K.F., who was only one year old at the time of the incident. Mother had provided appellant with naked pictures of K.F., who is mother's niece. The first time appellant saw K.F. in person was when mother was babysitting K.F. and dropped K.F. off with appellant at a Motel 6 in Middleburg Heights. When mother returned, appellant had given K.F. a bath. Mother noticed there were "a lot of sex toys around the bed." Thereafter, an incident occurred at a Motel 6 in North Ridgeville. Mother was watching K.F. for the evening and met appellant at the motel, where they smoked marijuana. In the middle of the night, appellant put K.F. over a pillow without her diaper or clothes on. Mother testified she saw appellant over K.F., that he was spreading her butt cheeks and trying to have anal intercourse with K.F., and that he said he was trying anal instead of vaginal "because vaginal can be detected" and with anal "nobody would know." Mother stated that she saw appellant's penis touch K.F. in her anal area, that he was attempting to have intercourse, that K.F. was crying, and that the incident lasted ten minutes. Mother was patting K.F.'s head during this incident.

{¶22} Upon this evidence, we find any rational trier of fact could have found the essential elements of rape and kidnapping, as charged in Counts 29 and 30, proven beyond a reasonable doubt. A reasonable inference could be made from the acts of placing K.F. over a pillow, spreading her cheeks, making contact with the child's anal area, and expressing his intention to have anal intercourse, that at least slight penetration had occurred over the course of the ten-minute incident. We affirm the defendant's conviction on these counts.

### Count 31 — Victim M.G.

{¶23} On this count, appellant was convicted of gross sexual imposition with M.G., who was 12 years old at the time of the incident, which occurred at appellant's trailer in North Ridgeville. M.G. is mother's niece. Mother testified that M.G. was staying overnight at the

trailer and had fallen asleep on the couch. Appellant had taken videos of M.G. with a hidden camera in the bathroom and had stated to mother that he wanted to have sex with M.G. Mother testified that while M.G. was asleep on the couch, appellant "moved her shorts and panties over and touched her." M.G. woke up. Mother told M.G. that it did not happen in an effort to protect appellant.

**{¶24}** Upon this evidence, we find any rational trier of fact could have found the essential elements of gross sexual imposition, as charged in Count 31, proven beyond a reasonable doubt. We affirm the defendant's conviction on this count.

### Conclusion

**{¶25}** For the foregoing reasons, we reverse appellant's conviction and sentence on Count 10. We affirm his conviction on all other charges challenged herein.

**{¶26}** Judgment affirmed in part and reversed in part. Case is remanded to the trial court for the limited purpose of vacating the conviction and sentence on Count 10.

It is ordered that appellant and appellee share the costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
MARY J. BOYLE, J., CONCUR